IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PAUL FARNSWORTH a/k/a
RONNIE BRADFIELD,

    Plaintiff,

vs.                                                                                  No. 05-1275-T/An

TONY PARKER, et al.,

    Defendants.

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DIRECTING PLAINTIFF TO PAY FULL $250 CIVIL FILING FEE
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND
ORDER DENYING MOTION TO AMEND COMPLAINT

    Plaintiff Paul Farnsworth, a/k/a Ronnie Bradfield, Tennessee Department of Correction prisoner number 219625, an inmate at the Northwest Correctional Complex("NWCX") in Tiptonville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on September 23, 2005, along with an application seeking leave to proceed in forma pauperis and a motion seeking leave to file this action. On November 9, 2005, the Clerk received a letter from Bradfield requesting that his case correspondence be sent to 480 Green Chapel Road, Henning, Tennessee. The Tennessee Felony Offender information index reveals that Bradfield remains incarcerated. Bradfield may not change his address to avoid paying the filing fee required due to restrictions on his filing privileges. Furthermore, the Warden and Trust Fund Officers at his current prison are to receive copies of all orders for his pending litigations so that the filing fee and fines may be deducted from his trust funds and further restrictions on Bradfield's filing privileges recorded. Accordingly, the Clerk is directed to delete the newly requested address and enter plaintiff's former address at the

NWCX. The Clerk is further directed to mail a copy of this order to both the Warden and to the Trust Fund Officer at the NWCX.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." In re Alea, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998).

In his complaint, plaintiff discloses no previous history of lawsuits in an apparent attempt to circumvent the restrictions on his filing privileges. In fact, Bradfield has previously filed four civil rights lawsuits in this district that were dismissed for failure to state a claim or as frivolous. See Bradfield v. City of Memphis, et al., No. 96-3184-D/V (W.D. Tenn. dismissed Feb. 3, 1997) (collecting cases). Accordingly, the Court in case no. 96-3184-D/V advised Bradfield that he "may no longer file any action in this district in

which he proceeds in forma pauperis unless he demonstrates that he "is under imminent danger of serious physical injury." Id. at 4. Farnsworth's misrepresentation of his litigation history resulted in the Clerk inadvertently accepting this action for filing and assigning it a docket number without an order from a district judge or magistrate judge of this district.

It is also necessary to consider whether the exception to the "three strikes" provision is applicable here. In this case, as in Farnsworth v. Baxter, case no. 03-2950-B/V, a pending case in which plaintiff paid the filing fee, Farnsworth asserts a number of unrelated claims, including violation of his right to practice the Messianic Jewish religion, exposure to secondhand tobacco smoke, verbal abuse, failure to provide appropriate medical care for sinus and throat infections, nose bleeds, and muscle spasms, conviction of a disciplinary offense, and the failure to certify him for parole. The Court's review of the thirteen page complaint and one hundred sixty-eight pages of attachments which include many events occurring at the West Tennessee State Prison (WTSP) rather than plaintiff's current institution does not involve any risk of serious physical injury which is sufficient to permit him to proceed in forma pauperis under the exception to § 1915(g). Furthermore, Bradfield is currently litigating his free exercise claim in Farnsworth v. Baxter, case no. 03-2950-B/V, and he may not file repetitive or duplicative cases seeking to re-litigate the same or similar claims. Farnsworth's claims do not even arguably come within the exception to 28 U.S.C. § 1915(g) and may not litigate them without first tendering the civil filing fee.

Accordingly, based on Farnsworth's current status, his application to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g). Plaintiff is ORDERED to remit the entire $250 civil filing fee within thirty (20) days of the date of filing of this order. Failure to do so will result in dismissal of this action for failure to prosecute. Alea, 286 F.3d at 381-82.

Plaintiff filed motions for appointment of counsel, for a temporary restraining order, and to amend his complaint. No further action will be taken on plaintiff's case until the full filing fee is remitted. Upon payment of the filing fee, plaintiff's complaint is subject to

screening, at which time the Court will determine whether Farnsworth's complaint, as filed, merits service or dismissal. Consideration of these prematurely filed motions is inappropriate at present. Accordingly, all pending motions are DENIED.

       IT IS SO ORDERED this 11th day of January, 2006.

                            s/ **James D. Todd**
                            JAMES D. TODD
                            UNITED STATES DISTRICT JUDGE