IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

PAUL FARNSWORTH a/k/a
RONNIE BRADFIELD,

        Plaintiff,

vs.                                                                                No. 05-1275-T/An

TONY PARKER, et al.,

        Defendants.

_____

ORDER DENYING MOTION FOR RECONSIDERATION
AND
ORDER DIRECTING PLAINTIFF TO PAY FULL $250 CIVIL FILING FEE
WITHIN TEN DAYS OF ENTRY OF THIS ORDER

_____

      Plaintiff Paul Farnsworth, a/k/a Ronnie Bradfield, Tennessee Department of Correction prisoner number 219625, an inmate at the West Tennessee State Prison ("WTSP") in Henning, Tennessee, who was formerly incarcerated at the Northwest Correctional Complex("NWCX") in Tiptonville, Tennessee, has filed a motion for reconsideration of the Court's order entered January 11, 2006, which denied his application seeking leave to proceed <u>in forma pauperis</u> and directed him to pay the filing fee.[1]  Accordingly, the Clerk is directed to use plaintiff's WTSP for all correspondence.  The Clerk is further directed to mail a copy of this order to both the Warden and to the Trust Fund Officer at the WTSP.

      Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).  The statute merely provides the prisoner the opportunity to make a

---

    [1]      Bradfield was transferred from the NWCX to the WTSP in November of 2005.  He explains that he uses the actual address for the facility rather than the post office box, which changes from time to time, and that he did not use the street address to avoid paying the filing fee required due to restrictions on his filing privileges.

"downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." In re Alea, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff does not address his failure to disclose his previous history of lawsuits or the restrictions on his filing privileges when submitting this complaint to the Clerk for filing.[2] Plaintiff's omission and misrepresentation of his litigation history resulted in the Clerk inadvertently accepting this action for filing and assigning it a docket number without an order from a district judge or magistrate judge of this district. Rather than take responsibility for his misrepresentation, he faults the Clerk and contends that he meets the § 1915(g) exception for demonstrating that he is "under imminent danger of serious physical injury."

---

[2] Bradfield previously filed four civil rights lawsuits in this district that were dismissed for failure to state a claim or as frivolous. See Bradfield v. City of Memphis, et al., No. 96-3184-D/V (W.D. Tenn. dismissed Feb. 3, 1997) (collecting cases). Bradfield was advised in case no. 96-3184-D/V that he "may no longer file any action in this district in which he proceeds in forma pauperis unless he demonstrates that he "is under imminent danger of serious physical injury." Id. at 4.

However, the Court's order entered January 11, 2006, analyzed plaintiff's complaint to determine if exception to the "three strikes" provision is applicable here. The order stated:

> In this case, as in Farnsworth v. Baxter, case no. 03-2950-B/V, a pending case in which plaintiff paid the filing fee, Farnsworth asserts a number of unrelated claims, including violation of his right to practice the Messianic Jewish religion, exposure to secondhand tobacco smoke, verbal abuse, failure to provide appropriate medical care for sinus and throat infections, nose bleeds, and muscle spasms, conviction of a disciplinary offense, and the failure to certify him for parole. The Court's review of the thirteen page complaint and one hundred sixty-eight pages of attachments which include many events occurring at the West Tennessee State Prison (WTSP) rather than plaintiff's current institution, does not involve any risk of serious physical injury which is sufficient to permit him to proceed in forma pauperis under the exception to § 1915(g). Furthermore, Bradfield is currently litigating his free exercise claim in Farnsworth v. Baxter, case no. 03-2950-B/V, and he may not file repetitive or duplicative cases seeking to relitigate the same or similar claims. Farnsworth's claims do not even arguably come within the exception to 28 U.S.C. § 1915(g) and may not litigate them without first tendering the civil filing fee.

This Court specifically determined that his claims failed to meet the exception provided in § 1915(g0 and plaintiff was not eligible to proceed in forma pauperis.

Furthermore, plaintiff's contention that he may amend his complaint as a matter of law is based on pre-PLRA law and is unfounded. Rule 15(a) allows plaintiff to file one amendment without leave of court before the defendants have answered the complaint. However, the Court must still perform the screening function set forth in 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). See Baxter v. Rose, 305 F.3d 486, 489-90 (6th Cir. 2002). In McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), the Sixth Circuit examined these screening regimes and their effect on the prisoner-plaintiff's ability to amend his complaint, holding that "[u]nder the Prison Litigation [Reform] act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." Id. at 612. The heightened pleading standards for complaints covered by the PLRA are designed to facilitate the Act's screening requirements, which require district courts to **assess the fundamental viability of the claim on the basis of the initial complaint**. Baxter, 305 F.3d at 489. The Court did not err in denying plaintiff's motion to amend.

Plaintiff's motion adds no facts to the original complaint that would cause the Court to reconsider its original order, nor would he be entitled to amend the complaint to add such facts under the holding of Baxter, 305 F.3d at 489. Accordingly, plaintiff's motion for reconsideration is DENIED. Plaintiff is ORDERED to remit the entire $250 civil filing fee within ten (10) days of the date of filing of this order. Failure to do so will result in dismissal of this action for failure to prosecute. Alea, 286 F.3d at 381-82.

IT IS SO ORDERED this ___14___ day of February, 2006.

**S/James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE