IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



PAUL FARNSWORTH a/k/a
RONNIE BRADFIELD,

Plaintiff,

vs. No. 05-1275-T/An

TONY PARKER, et al.,

Defendants.

ORDER OF DISMISSAL
ORDER REAFFIRMING RESTRICTIONS ON FILING PRIVILEGES
AND
ORDER IMPOSING ADDITIONAL RESTRICTIONS ON FILING PRIVILEGES

On January 31, 2006, Plaintiff Paul Farnsworth, a/k/a Ronnie Bradfield, Tennessee Department of Corrections prisoner number 219625, an inmate at the West Tennessee State Prison ("WTSP") in Henning, Tennessee, who was formerly incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a motion for reconsideration of the Court's order entered January 11, 2006, which denied his application seeking leave to proceed in forma pauperis and directed him to pay the filing fee.[1] On February 14, 2006, the Court entered an order denying the motion for reconsideration and ordered Bradfield to pay the $250 filing fee within ten days of the date of the filing of the order. The Court also directed the Clerk to use plaintiff's WTSP address for all further correspondence and to mail a copy of this order to both the Warden and to the Trust Fund Officer at the WTSP.

---

[1] Bradfield was transferred from the NWCX to the WTSP in November of 2005. He has explained that he uses the actual address for the facility rather than the post office box, which changes from time to time, and that he did not use the street address to avoid paying the filing fee required due to restrictions on his filing privileges.

The Court's order provided that "[f]ailure to [pay the filing fee within ten days] will result in dismissal of this action for failure to prosecute." The time set for compliance with the February 14, 2006 order has expired, and plaintiff has not paid the civil filing fee or otherwise responded to the order. Therefore, the Court DISMISSES the action without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The Court REAFFIRMS the restrictions imposed upon Bradfield's filing privileges set forth in the order of dismissal entered in Bradfield v. City of Memphis, et al., No. 96-3184-D/V (W.D. Tenn. Feb. 3, 1997).[2] Compliance with that order is a condition to filing any case in this Court.

Furthermore, before the enactment of 28 U.S.C. § 1915(g), this Court had adopted the restrictions articulated in Winslow v. Romer, 759 F. Supp. 670, 683-85 (D. Colo. 1991) as the model for the court's invocation of its inherent authority to impose sanctions. That the district courts possess such authority is indisputable. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-50 (1991)(pre-PLRA case holding no constitutional right of access to the courts to prosecute an action that is frivolous or malicious); Mercer v. Fayette Circuit Court, 1995 WL 222181 (6th Cir. April 13, 1995)(pre-PLRA case noting that appellant filed nine frivolous lawsuits arising out of state court prosecution); In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984)(pre-PLRA case holding courts possess inherent authority to sanction litigants for abusive repetitive filings). See also Gibson v. Gibbons, No. 97-2559-Ml/A (W.D. Tenn. Aug. 14, 1997)(invoking both § 1915(g) and court's inherent power to

---

[2] The Clerk of Court is **ORDERED** not to file, open on this court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

Finally, plaintiff is **ORDERED** not to file any further documents in this or any other actions except a one-page notice of appeal on the form available for that purpose from the clerk's office and filed in the applicable case. The clerk shall not accept for filing in this or plaintiff's other actions any document whatsoever except such a notice of appeal. Any other documents submitted shall be forthwith returned to him by the clerk.

Furthermore, the court ENJOINS plaintiff from preparing any pleadings, affidavits, motions, or other documents of any sort for any other person for filing in this court. **In re Billy Roy Tyler**, 839 F.2d 1290, 1295 (8th Cir. 1988). A violation of this restriction will result in the imposition of the same sanctions as if plaintiff had attempted to file the case himself.

restrict prisoner's filing privileges). Nothing in amended 28 U.S.C. § 1915(g) restricts the court's authority. Further, the Court concludes that 28 U.S.C. § 1915(g) lowers the threshold for the court's use of this inherent power. Accordingly, the Court will require that plaintiff comply with both 28 U.S.C. § 1915(g) and the further restrictions and conditions set forth below.

To obtain leave of Court, Bradfield must file an affidavit similar to that required by the district court in Winslow, 759 F. Supp. at 683-85. Additionally, he must file any further complaints on a form available from the Clerk of Court. The Clerk shall not send Bradfield more than one (1) complaint form and one (1) in forma pauperis application form per six months and shall not respond to such requests within three months of the most recent request. Any request for such a form must be made in writing, by the defendant himself, in a letter that shall not exceed one sheet of paper.

To request leave of Court, plaintiff shall file, along with any future complaint:

1) a motion requesting permission of the court to file;

2) an affidavit certifying under penalty of perjury:

   a) that he has read and understood Rule 11 of the Federal Rules of Civil Procedure;

   b) that the complaint contains claims he knows to be reasonably based in law and fact;

   c) that he is aware that filing any further frivolous actions will result in the imposition of additional sanctions by the court;

   d) that he is in imminent danger of serious physical injury (describing in detail the nature of the danger, why it is imminent, and the nature of the serious physical injury);

   e) that either:

      1) none of the defendants to the new action was a defendant in any previous action that was dismissed as frivolous; OR

      2) that some of the defendants to the new action were defendants in a previous action that was dismissed as frivolous, but that the plaintiff has compared the claims in the frivolous case with the claims in the new case, and

that he does not seek to sue those defendants on any claims that could have been litigated in the previous case; and

f) that he has been sanctioned by this court in case no. 96-3184-D/V and this case, and stating the style, jurisdiction, and docket number of the actions.

Any complaint submitted by plaintiff without this motion and affidavit will not be filed, but will be immediately returned to the plaintiff for failure to comply with this order. Furthermore, the Court will then impose further sanctions against the plaintiff, including a further monetary fine, which may be collected directly from his prison trust fund account. Any case submitted by this plaintiff to another court that is thereafter transferred to this district will result in the same sanctions.

The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

IT IS SO ORDERED this __2nd____ day of March, 2006.

S/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE