IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PAUL FARNSWORTH a/k/a
RONNIE BRADFIELD,

  Plaintiff,

vs.                   No. 05-1275-T/An

TONY PARKER, et al.,

  Defendants.

ORDER ASSESSING APPELLATE FILING FEE

  Plaintiff Paul Farnsworth, a/k/a Ronnie Bradfield, an inmate, filed a complaint pursuant to 42 U.S.C. § 1983 on September 23, 2005, along with an application seeking leave to proceed in forma pauperis and a motion seeking leave to file this action. On January 11, 2006, the court denied Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and ordered Plaintiff to remit the entire $250 civil filing fee within thirty days. Plaintiff was cautioned that failure to do so would result in dismissal of this action for failure to prosecute. The court took this action because Plaintiff has previously filed four civil rights lawsuits in this district that were dismissed for failure to state a claim or as frivolous. See Bradfield v. City of Memphis, et al., No. 96-3184-D/V (W.D. Tenn. dismissed Feb. 3, 1997) (collecting cases). Accordingly, the court in case no. 96-3184-D/V advised Plaintiff that he "may no longer file any action in this district in which he proceeds in forma

pauperis unless he demonstrates that he "is under imminent danger of serious physical injury." Id. at 4.[1]

On February 14, 2006, the court denied Plaintiff's motion for reconsideration. On March 2, 2006, the court dismissed the action without prejudice fo failure to prosecute. Judgment was entered on March 3, 2006. Plaintiff filed a notice of appeal of the order denying his motion to reconsider on March 17, 2006.

Because Plaintiff is barred from proceeding in forma pauperis by the "three-strikes" rule of § 1915(g), he is required to pay the appellate filing fee in one lump sum. If he does not do so within thirty (30) days of this order, this court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that court may dismiss his appeal. It may not be reinstated thereafter even if he does pay the filing fee. See Johnson v. Luttrell, 2005 WL 1972579 (W.D. Tenn.).

IT IS SO ORDERED.

                 s/ **James D. Todd**
                 JAMES D. TODD
                 UNITED STATES DISTRICT JUDGE

---

[1] Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." In re Alea, 286 F.3d 378, 380 (6th Cir. 2002).